## HAZEWINKEL v. THOMAS.

NEGLIGENCE—FIRES—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY. In an action for damages caused by fire to plaintiff's building and stock of goods by the alleged negligence of defendants in allowing waste paper to accumulate in the basement, near the furnace, in their building adjoining plaintiff's, where there was evidence supporting plaintiff's claim, the trial judge was not in error in submitting the issue to the jury or in declining to hold that their verdict for plaintiff was against the great weight of the evidence.[1]

Error to Kent; Brown (William B.), J. Submitted April 23, 1926. (Docket No. 51.) Decided June 7, 1926.

Case by Jacob Hazewinkel against Clarence Thomas, doing business as C. Thomas Stores, and another for the negligent burning of plaintiff's stock of goods. Judgment for plaintiff. Defendants bring error. Affirmed.

[1]Negligence, 29 Cyc. pp. 621, 636 (Anno).

*Corwin & Norcross*, for appellants.

*Cornelius Hoffius* and *Dorr Kuizema*, for appellee.

CLARK, J.    Plaintiff and defendant Thomas occupied adjoining stores, plaintiff selling footwear, defendant selling groceries.    The basements were separated by a partition in which was an opening.    The other defendant was the manager of the grocery.    He followed the practice of placing paper, cartons, crates, and other store waste in the basement.    Plaintiff claims that at the time in question there was a pile and litter of such material near and about defendant's furnace in the basement; that there was fire in the furnace and that its door was open; and that all of which constituted negligence and the proximate cause of a fire which destroyed the buildings and plaintiff's stock of goods.    Plaintiff had verdict and judgment. Defendants bring error and contend that finding them to have been negligent is against the great weight of the evidence, and they argue that the issue was made by evidence as follows:

Plaintiff testified that, sensing smoke, he ran into his basement, and through the opening saw a burning pile or litter of the waste near and about the furnace, and that the furnace door was open.    Defendants had testimony of junk dealers and of others that all paper waste had been removed from the basement on the day before the fire, and that there was no pile or litter of the waste near or about the furnace, and that before the fire the junk dealers had removed paper waste from the basement two or three times each week.    Defendants say that plaintiff's own testimony is not only overwhelmed in contradiction, but is inherently improbable because of the presence of smoke in the basement at the time of his claimed observations.    But the testimony for defendants, including that of the junk dealers, is disputed by that of some of plaintiff's

witnesses tending to show that on occasions before the fire the waste in considerable quantity in piles or litter had accumulated in the basement and near the furnace, from which it might be inferred that the condition was constant. There is some evidence of an accumulation of waste in the basement between the time it is claimed to have been last cleaned by the junk man and the time of the fire. The fire started in the basement. Under some of the evidence and inferences therefrom the jury might give full credit to the testimony of plaintiff himself. We think the evidence made an issue of fact relative to defendants' negligence, and that the trial judge did not err in declining to hold the verdict to be against the great weight of the evidence.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.